UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES RAPISARDI,<br>Executor of the Estate of Rosario Rapisardi, | : <br> : <br> : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : <br> : | Civil Action No. 07-cv-654 |
| v. | : <br> : | **MEMORANDUM OPINION & ORDER** |
| NEW JERSEY DEPARTMENT<br>OF ENVIRONMENTAL PROTECTION<br>and MICHAEL PISANI, Department<br>Supervisor (in his official capacity), | : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

This matter comes before the Court on the motion of Defendants New Jersey Department of Environmental Protection ("NJDEP") and Michael Pisani (collectively, "Defendants") to dismiss the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons discussed below, the motion is granted.

## I. Background

The substantive facts of Plaintiff's[1] underlying dispute relate to the actions of James and Rosario Rapisardi in filling in a drainage pond, an apple orchard, and a seed bed area on their farm in Logan Township, New Jersey. (Compl., "Cause of Action" at 2.) The exact contours of those actions are irrelevant to the motion before the Court and have been given considerable review in the New Jersey state court system; thus they are not recited here. The following proceedings and dates are relevant to the Court's inquiry:

---

[1]The Plaintiff named on the face of the Complaint filed in this Court is James Rapisardi in his capacity as Executor of the Estate of Rosario Rapisardi. In subsequent papers filed by Defendants, however, and in the reply brief submitted by James Rapisardi, the Plaintiff named is James Rapisardi individually and in his capacity as Executor. No motion has been filed to amend the Complaint nor to join Rapisardi in his personal capacity. Therefore, the Court has decided the instant motion as it applies to James Rapisardi in his capacity as Executor of the Estate of Rosario Rapisardi.

1) October 15, 1993–the NJDEP issued an Amended Administrative Order and Notice of Civil Administrative Penalty Assessment to Rosario and James Rapisardi alleging a violation of the Freshwater Wetlands Protection Act, N.J. Stat. Ann. § 13:9B-1 et. seq. (Motley Certif. at ¶ 1.)  Following a hearing in the Office of Administrative Law ("OAL"), the administrative law judge found that the Rapisardis had committed the alleged violations.  (Id. at ¶ 2.)

2) September 20, 1995–the Commissioner of the NJDEP adopted the ALJ's decision as the final decision in the case.  (Id. at ¶ 3.)

3) October 6, 1997–the Rapisardis filed an appeal in the Superior Court of New Jersey, Appellate Division, whereby the Commissioner's decision was affirmed in part and reversed in part.[2]  (Id. at ¶¶ 4-5.)

4) February 18, 1998–the New Jersey Supreme Court denied the Rapisardis' petition for certification.[3]  (Id. at ¶ 6.)

5) On remand from the Appellate Division, the NJDEP referred the penalty issue to the OAL for a hearing.  (Id. at ¶ 7.)

6) January 9, 2003–the administrative law judge issued a recalculated penalty for the Rapisardis, which was adopted by the NJDEP on February 28, 2003.  (Id. at ¶¶ 7-8.)

7) June 16, 2003–the NJDEP filed a Complaint in the Superior Court of New Jersey, Gloucester County, to enforce the orders against the Rapisardis.  (Id. at ¶ 9.)

8) October 3, 2003–the Superior Court entered an Order requiring the Rapisardis

---

[2] State of New Jersey, Dept. of Envtl. Prot. v. Rapisardi, No. A-1448-95T3 (N.J. Super. Ct. App. Div. 1997).

[3] State v. Rapisardi, 707 A.2d 154 (Table) (N.J. 1998).

to submit a restoration plan for the restoration of the former pond area on their property and to pay a civil penalty within 30 days. (Id. at ¶ 10.)

9) May 28, 2004–the Superior Court entered an Order of Motion in Aid of Litigant's Rights requiring the Rapisardis to submit the restoration plan and pay penalties within 10 days. (Id. at ¶ 11.)

10) June 22, 2004–the Rapisardis filed a Motion to Vacate the Court's October 3, 2003 Order. (Id. at ¶ 12.)

11) July 12, 2004–the Rapisardis filed a Notice of Appeal in the Appellate Division of the Court's May 28, 2004 Order. (Id. at ¶ 13.)

12) August 20, 2004–the Superior Court entered Orders declining jurisdiction over the NJDEP's Motion for Daily Penalties and denying the Rapisardis' motion to stay the May 28, 2004 and October 3, 2003 Orders. (Id. at ¶ 14.)

13) November 30, 2005–the Appellate Division affirmed the May 28, 2004 Order.[4]  (Id. at ¶ 15.)

14) February 16, 2006–the New Jersey Supreme Court denied the Rapisardis' petition for certification.[5]  (Id. at ¶ 16.)

15) August 29, 2006–the NJDEP filed a Motion for Daily Penalties against the Rapisardis for non-compliance with the May 28, 2004 Order. (Id. at ¶ 17.)

16) November 17, 2006–the Superior Court entered an Order requiring the Rapisardis to pay penalties for non-compliance with the May 28, 2004 Order. (Id. at ¶ 18.)

---

[4] State of New Jersey Dept. of Envtl. Prot. v. Rapisardi, 2005 WL 3196575 (N.J. Super. Ct. App. Div. 2005).

[5] State, Dept. of Envtl. Prot. v. Rapisardi, 893 A.2d 723 (Table) (N.J. 2006).

17) December 28, 2006–the Rapisardis filed an appeal of the November 17, 2006 Order with the Appellate Division.  (Id. at ¶ 19.)

18) February 15, 2007–the Superior Court, Appellate Division, denied the Rapisardis' motion for a stay.  (Id. at ¶ 20.)

18) April 4, 2007–the Superior Court, Appellate Division, entered an order dismissing the appeal for failure to file a timely brief.[6]  (Id. at ¶ 21.)

19) March 30, 2007–the Superior Court entered an Order of Motion in Aid of Litigant's Rights requiring the Rapisardis to submit a restoration plan within 10 days.  (Id. at ¶ 22.)

Plaintiff filed the Complaint in this Court on February 8, 2007.  Defendants filed a motion to dismiss pursuant to Rule 12(b)(1) on May 31, 2007.

## II. Analysis

Defendants' motion to dismiss pursuant to Rule 12(b)(1) will be granted because the Court lacks subject matter jurisdiction over Plaintiff's claims.  Challenges to subject matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual."  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (citations omitted).  Facial attacks "contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true."  Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002) (citing NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001)); see also In re Kaiser Group Int'l Inc., 399 F.3d 558, 561 (3d Cir 2005) (In evaluating "facial" subject matter jurisdiction attacks, the court ordinarily accepts all

---

[6] New Jersey Dept. of Envtl. Prot. v. Rapisardi, No. A-002449-06T1 (N.J. Super. Ct. App. Div. 2007).

well-pleaded factual allegations as true, and views all reasonable inferences in the plaintiff's favor). Essentially, a 'facial' challenge by the defendant contests the adequacy of the language used in the pleading. American Airlines Inc., 303 F.3d at 300 n.4.

Factual challenges, on the other hand, attack the factual basis for subject matter jurisdiction; that is, in a factual challenge to jurisdiction, the defendant argues that the allegations on which jurisdiction depends are not true as a matter of fact. See Turicentro, 303 F.3d at 300. As such, the court is not confined to the allegations in the complaint, but may look beyond the pleadings to decide the dispute. Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891). Thus, presented with a "factual" attack to subject matter jurisdiction, the court must weigh the evidence related to jurisdiction, with discretion to allow affidavits, to determine whether the plaintiff's factual claims are true or untrue. Turicentro, 303 F.3d at 300. If the defendant contests the jurisdictional allegations, then "it is incumbent upon the plaintiff to respond to the defendant's sworn factual assertions" with something more than conclusory responses. Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1981). If the plaintiff fails to "meet and controvert the defendant's factual proofs, then the district court must determine whether it has subject matter jurisdiction based upon the factual context presented by the defendant." Id. at 711-12. However, if the opposing affidavits present a disputed issue of material fact, the court must permit the case to proceed to a plenary trial to resolve the contested jurisdictional issues. Id. at 712.

Congress has granted subject matter jurisdiction over appeals from state court decisions to the Supreme Court of the United States. 28 U.S.C. § 1257.[7] The Supreme Court has interpreted this statute, in what is known as the Rooker-Feldman doctrine, to mean that Congress did not intend district courts to review state court decisions, including decisions made by lower state courts. Walker v. Horn, 385 F.3d 321, 329 (3d Cir. 2004). Federal district courts are strictly courts of original jurisdiction. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As such, district courts have "no authority to review final judgments" of state court proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

Plaintiff has requested that this Court grant a full dismissal of "all New Jersey State actions, penalties, and judgments" rendered against him. (Compl., "Jurisdiction" at 2.) Plaintiff relies in chief on the Supreme Court decision in Rapanos v. United States, 126 S. Ct 2208 (2006),[8] as grounds for vacating the judgments against him. (Rapisardi Certif. at 1.) Regardless of what Rapanos does or does not hold, that case does not confer subject matter jurisdiction on this Court.

---

[7]Stating, in relevant part:

(a) Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or treaties or statutes of, or any commission held or authority exercised under, the United States.

28 U.S.C. § 1257.

[8]Plaintiff refers to the case in his papers as Carabell v. U.S. Army Corps of Engineers; however, the matter appeared before the Supreme Court as a consolidated case and is captioned as Rapanos v. United States, 126 S. Ct. 2208 (2006).

Under what appears to be a facial challenge to jurisdiction, Defendants have alleged that "plaintiffs raise no factual allegations to support a federal cause of action." (Defendant's Brief at 6.)  The Court agrees.  Under the Rooker-Feldman doctrine, this Court is prohibited from taking jurisdiction over a claim appealing a state court decision.  Plaintiff's Complaint is simply an appeal and raises no original federal matters.  Therefore, this Court lacks subject matter jurisdiction.

### III. Conclusion

For the reasons articulated above,

IT IS ORDERED this ___7th___ day of August 2007, that Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is hereby **GRANTED**.


/s/ Joseph H. Rodriguez_____
Joseph H. Rodriguez
U.S.D.J.